WILLIAM COREY

*v.*

WILLIAM McDANIEL.

1. NEW TRIAL — *verdict contrary to evidence.* A verdict will be set aside when it is not sustained by the evidence. Where there is no evidence to sustain a portion of the finding it cannot be sustained.

2. EVIDENCE — *hearsay inadmissible.* Hearsay evidence is inadmissible, and when received it is error.

WRIT OF ERROR to the Alton City Court; the Hon. H. W. BILLINGS, Judge, presiding.

This was an action of assumpsit brought by William McDaniel, in the Alton City Court, against William Corey. The declaration is upon the warranty of title, on the sale of two mules by defendant to plaintiff. It avers the sale for $210, and a warranty that defendant was the owner, when in fact he was not, but that they belonged to the government. Defendant filed the plea of the general issue, and a special plea that he sold the mules as the agent of one Pohlam. Issue was joined on the pleas.

A trial was subsequently had by the court and a jury. After hearing the evidence the jury found the issues for plaintiff and assigned the damages at $210. Defendant entered a motion for a new trial, which was overruled and judgment rendered on the verdict; to reverse which this writ of error is prosecuted.

Mr. J. H. Yager, for the plaintiff in error.

Mr. Henry S. Baker, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

The assignment of errors, in this case, questions the sufficiency of the evidence to sustain the verdict. After an attentive examination of all the proofs in the record, we have arrived at that conclusion. It appears, that defendant in error purchased four mules of plaintiff in error, one of which he traded off; the other three he put with others, which he took to St. Louis and sold together to Ryan. That the mules in controversy were branded with the letters "U. S." on the shoulder, and "C" on the hip; but, the "C" was not very distinct. Ryan took the lot of mules to the government stables to sell, and the government inspector took two mules of this lot, and refused to, return them, on the alleged ground, that they had been stolen from the government. The inspector insisted, that the letter "C" was not genuine. Ryan testified, that he took defendant in error with him to the government stables, and that two of the mules were brought into the yard, which he had purchased of defendant in error, but he fails to state whether they were those purchased of plaintiff in error, or others of the lot sold by defendant in error to Ryan. And the whole testimony in the case fails to supply this link in the chain of evidence, as to one of the mules, which was indispensable to a recovery for that mule. Ryan also swears, that there was no letter "C" on these mules, while Bell swears, that the mules sold by plaintiff in error to defendant in error were branded with that letter on the hip. This evidence tends to prove, that the mules, about which Ryan says there was a controversy with the government inspector, were not mules sold by plaintiff in error to defendant in error, but other mules sold by the latter to Ryan.

It, however, appears from the evidence of the two Pohlmans, that one of the mules, about which the dispute arose, was one

of the mules sold by the plaintiff in error; but they state that William Pohlman had purchased it of the government, and sent it to plaintiff in error to sell for him. They say the other was not one of the mules purchased by Pohlman and sent to plaintiff in error. That the government inspector offered to give up the mule they identified, to defendant in error, but he refused to receive it unless he could get another mule then in the stable. We think the evidence fails to prove, that one of the mules in controversy was sold by plaintiff in error to defendant in error, and, for that reason, the judgment of the court below must be reversed.

The court below should have excluded that portion of Bell's evidence, when he says, he learned that the government inspector at St. Louis had seized two of these mules, upon the ground that they had been stolen from the government. This was manifestly hearsay evidence, and, as such, inadmissible. A portion of Ryan's testimony, which related to the statements of the inspector, when appellant was not present, is of the same character, and consequently inadmissible.

As to the question, whether plaintiff in error was the agent of Pohlman for the sale of the mules, and that fact was disclosed to defendant in error when he purchased, the evidence was conflicting, and it was for the jury to find the fact. And, as the case must be submitted to another jury, we deem it improper to discuss this evidence.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*